UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FUTURISTIC BRANDS USA, INC.,

    Plaintiff,

v.

LEADING BRANDS, INC., and RALPH MCRAE,

    Defendants.

Civil Action No. 04-CV-10303 RWZ

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Leading Brands, Inc. ("LBI") is a Canadian holding company based in Vancouver, British Columbia, Canada. Ralph McRae, LBI's President, Chairman, and Chief Executive Officer, is a Canadian national who resides in Vancouver. Leading Brands of America, Inc. ("LBAI"), a non-party to this action and LBI's operating subsidiary in the United States, is a Delaware corporation whose headquarters at all relevant times were in Stamford, Connecticut. Neither LBI nor Mr. McRae do any business in Massachusetts, and none of the allegations in the Complaint concern any conduct in this District. Even the plaintiff, Futuristic Brands USA, Inc. ("Futuristic") has limited Massachusetts contacts and has always held itself out to be a Delaware corporation with a principal place of business in New York City. Nevertheless, Futuristic has elected to sue LBI and Mr. McRae in Massachusetts because, at some point, Futuristic's principal, Thomas C. Lines, relocated here. This is not a valid basis to justify haling a foreign corporation and foreign national into a forum over 3,000 miles away. Under the Due Process Clause, significantly more than the convenience of plaintiff's

principal must be shown. Rather, Futuristic must show, among other things, that the exercise of jurisdiction over LBI and Mr. McRae comports with traditional notions of fair play and substantial justice. Here, this heavy burden cannot be met. As a result, this action must be dismissed for lack of personal jurisdiction.

I.   **INTRODUCTION AND BACKGROUND**

The dispute alleged in the Complaint concerns a License Agreement between LBAI, a Delaware corporation whose principal place of business, until recently, was in Connecticut (and has never been in Massachusetts),[1] and Futuristic, which, at the time it entered into the License Agreement, held itself out to be a Delaware corporation with its principal place of business located at 3 Park Avenue, New York, New York. *See* License Agreement at 1.[2] The Complaint contains the following seven causes of action: (1) tortious interference with contractual relations; (2) and (3) conversion; (4) deceit; (5) conspiracy; (6) declaratory judgment – piercing the corporate veil; and (7) breach of contract – piercing the corporate veil.[3] The crux of these claims is Futuristic's contention that LBI and Mr. McRae somehow interfered with the License Agreement. None of this purported interference, however, is alleged to have occurred in Massachusetts. In fact,

---

[1]   LBAI was conspicuously omitted from this action. The reason for this is that the License Agreement between it and Futuristic contains an arbitration provision requiring "any controversy or claim arising out of or pursuant to this Agreement or its termination or arising out of any transaction or occurrence contemplated by this Agreement" to be "settled by arbitration ...." License Agreement, ¶ 21.8. In fact, Futuristic has recently initiated an arbitration against LBAI. *See* Exhibit C (exhibits omitted).

[2]   The Complaint purports to attach the License Agreement as Exhibit A (Compl. ¶ 7) but it is not clear if this was in fact done. For the Court's convenience, a copy of the License Agreement is attached hereto as Exhibit A.

[3]   In this suit, Futuristic alleges that LBAI and LBI are the same entity, and seeks to have the contract dispute it has with LBAI heard against LBI. It fails to mention, however, that in an action captioned *Leading Brands of America, Inc. v. Miller et al.*, Civil Action No. 3:03cv1971 (MRK) (D. Ct.), it successfully moved to compel arbitration with LBAI pursuant to the Licensing Agreement's arbitration provision. *See* Exhibit B (Order granting Futuristic's Request to Refer to Arbitration). Thus, Futuristic is apparently attempting to litigate the same dispute in two separate forums – *i.e.* in an arbitration against LBAI and in the present suit against LBI and Mr. McRae.

the Complaint makes absolutely no reference to *any* Massachusetts-based conduct on the part of either LBI, Mr. McRae, or non-party LBAI.

### A. Background Regarding LBI

LBI is a holding corporation based in Vancouver, British Columbia, Canada. (Compl. ¶ 3.) It is the parent corporation of LBAI. (McRae Decl. ¶ 6.) As a holding company, LBI conducts minimal business in any jurisdiction. LBI has no offices in Massachusetts, neither owns nor leases any property in Massachusetts, has no phone lines in Massachusetts and no phone numbers with Massachusetts area codes, has no agents or employees in Massachusetts (including no agent for service), conducts no advertising in Massachusetts, has no bank accounts in Massachusetts, pays no taxes in Massachusetts, provides no products or services in Massachusetts, has not contracted to insure any person, property, or risk in Massachusetts, and is not registered to do business in Massachusetts. (Higgins Decl. ¶ 3.) LBI has never consented to jurisdiction in Massachusetts, has never brought or defended itself in any legal action in the State, or otherwise availed itself of the courts of this forum. (Higgins Decl. ¶ 4.)

### B. Background Regarding Ralph McRae

Mr. McRae is the President, Chairman, and Chief Executive Officer of LBI, and the Chairman and Chief Executive Officer of LBAI. (McRae Decl. ¶ 1.) Mr. McRae is a citizen and resident of Canada. He owns no property in Massachusetts, has no bank accounts in Massachusetts, and derives no income here. (McRae Decl. ¶ 2.) In fact, Mr. McRae has only traveled to Massachusetts on about a half dozen occasions, and on each occasion he did so solely as an officer of either LBI or LBAI. (McRae Decl. ¶ 4.)

### C. Background Regarding LBAI

LBAI is LBI's operating subsidiary in the United States, and is in the business of selling, marketing, and distributing beverage products. (McRae Decl. ¶ 7.) Up until recently, its headquarters were in Stamford, Connecticut. (McRae Decl. ¶ 9.) LBAI has never had any offices in Massachusetts. (McRae Decl. ¶ 9.)

The contract which forms the basis for this lawsuit, the License Agreement, was negotiated, not by Mr. McRae, but by LBAI's former President, Robert Miller, over the telephone, from LBAI's offices in Connecticut. (McRae Decl. ¶ 11.) LBI is not a party to the License Agreement and claims no rights under it. (McRae Decl. ¶ 11.)

Due to their dearth of contacts with the Commonwealth, it would be wholly improper to exercise jurisdiction over LBI or Mr. McRae.

## II. LEGAL STANDARD

A plaintiff confronted with a motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(2) bears the burden of persuading the Court that jurisdiction exists. *See Massachusetts Sch. of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998). In a diversity action such as this one, personal jurisdiction over a nonresident defendant is constrained both by the Massachusetts Long-Arm Statute and the Due Process Clause of the Fourteenth Amendment. *See Lyle Richards Int'l, Ltd. v. Ashworth, Inc.*, 132 F.3d 111, 112 (1st Cir. 1997).[4] In order for Futuristic to satisfy its burden, it must demonstrate that personal jurisdiction over LBI and Mr. McRae "comport[s] with traditional notions of fair play and substantial justice...." *Polaroid Corp. v. Feely*, 889 F.

---

[4] Unlike a motion to dismiss under Fed. R. Civ. P. 12(b)(6), in considering a motion under Rule 12(b)(2) the Court may consider materials beyond the pleadings. *See Callahan v. Harvest Bd. Int'l, Inc.*, 138 F. Supp. 2d 147, 152-53 (D. Mass. 2001).

Supp. 21, 26 (D. Mass. 1995). Futuristic's attempt to establish jurisdiction fails at each level of the jurisdictional analysis.

### III. ARGUMENT

#### A. There is No Jurisdiction in this Case Under the Massachusetts Long-Arm Statute

The Complaint makes no attempt whatsoever to allege sufficient facts to establish jurisdiction over LBI or Mr. McRae, or to even connect Futuristic's alleged harms to any conduct in Massachusetts. Even a generous reading of the Complaint fails to elicit any conduct which could have conceivably occurred in Massachusetts. This defect renders the exercise of jurisdiction over LBI and/or Mr. McRae under Massachusetts' Long-Arm Statute wholly inappropriate.

Under the Massachusetts Long-Arm Statute, Mass. Gen. Laws ch. 223A, § 3, a court may exercise personal jurisdiction over a person, "who acts directly or by an agent, as to a cause of action in law or equity *arising from* the person's"

> (a) transacting any business in this commonwealth;
> (b) contracting to supply services or things in this commonwealth;
> (c) causing tortious injury by an act or omission in this commonwealth;
> (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;
> (e) having an interest in, using or possessing real property in this commonwealth;
> (f) contracting to insure any person, property or risk located within this commonwealth at the time of contracting ....

*Id.* (emphasis added). A claim "arises from" a defendant's transaction of business in Massachusetts "if the claim was made possible by, or lies in the wake of, the transaction of business in the forum State." *Tatro v. Manor Care, Inc.*, 416 Mass. 763, 771 (1994).

In the instant action, Futuristic's claims do not arise from any forum-based contacts on the part of either Mr. McRae or LBI. Indeed, the Complaint does not allege that either LBI or Mr. McRae undertook *any* conduct in Massachusetts, much less any in-forum conduct relating to plaintiff's alleged damages. Thus, the only possible basis for jurisdiction under Massachusetts' Long-Arm Statute is under § 3(d). In order to avail itself of that provision, however, Futuristic must show that Mr. McRae and LBI regularly do or solicit business, or derive substantial revenue from goods used or services rendered, in Massachusetts. *Id.* Futuristic does not, and cannot, make this showing – the requisite contacts to meet this standard simply do not exist. (McRae Decl. ¶¶ 2-4, Higgins Decl. ¶¶ 3-4.) There is therefore no jurisdiction in this case arising under Massachusetts' Long-Arm Statute.

### B.  Exercising Jurisdiction Over LBI or Mr. McRae Would Not Comport with the Due Process Clause

Even if jurisdiction were appropriate under the Massachusetts Long-Arm Statute, which it is not, Futuristic would still have to show that haling LBI and Mr. McRae into this forum would not run afoul of the Due Process Clause. *See Massachusetts Sch. of Law at Andover, Inc.*, 142 F.3d at 35 ("[e]ven if [the Massachusetts Long-Arm Statute], correctly applied, would purport to grant jurisdiction ... [the plaintiff] still would have to demonstrate that 'the exercise of jurisdiction pursuant to that statute comports with the strictures of the Constitution.'") (citation omitted). Moreover, in this case the Court must exercise even greater care than usual because both defendants are foreign nationals. *See Noonan v. The Winston Co.*, 135 F.3d 85, 93 (1st Cir. 1998) ("courts must exercise ever greater care before exercising personal jurisdiction over foreign nationals"). *See also Asahi Metal Indust. Co. v. Superior Court*, 480 U.S. 102, 115 (1987) ("Great care and

reserve should be exercised when extending our notions of personal jurisdiction into the international field.") (citation and quotation marks omitted).

To satisfy the requirements of the Due Process Clause, Futuristic must show that exercising jurisdiction over LBI and Mr. McRae satisfies the components of: (1) relatedness; (2) purposeful availment (*i.e.*, minimum contacts); and (3) reasonableness. *See Massachusetts Sch. of Law at Andover, Inc.*, 142 F.3d at 35.

### 1.     Relatedness

In order for the extension of personal jurisdiction to survive constitutional scrutiny, a claim must "arise out of, or be related to, the defendant's in-forum activities...." *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 206 (1st Cir. 1994). In the context of a contract claim, this inquiry asks whether the defendant's forum-based activities are instrumental in the formation of the contract. *Massachusetts Sch. of Law at Andover, Inc.*, 142 F.3d at 35. For a tort claim, the inquiry is whether the plaintiff has established both cause in fact (*i.e.*, the injury would not have occurred "but for" the defendant's forum-state activity) and legal cause (*i.e.*, the defendant's in-state conduct gave birth to the cause of action). *See id.*

Here, although the Complaint contains both contract and tort-based allegations, none of the allegations have any connection to Massachusetts. Indeed, the License Agreement that forms the basis for Futuristic's contract claim was negotiated *by LBAI* from its Connecticut offices, and was not intended to be performed in Massachusetts. To the extent defendants ever engaged in any forum-based activities, those activities had *no* relation to the formation of the License Agreement.

Similarly, Futuristic makes no allegation, nor could it, that its tort claims arise from any conduct either taken in, or directed at, Massachusetts. Rather, Futuristic alleges

that LBI and Mr. McRae tortiously induced LBAI to breach its contractual obligations. (Compl. ¶¶ 23-29.) That conduct, if it occurred (which it did not), would have occurred in Canada and been acted on in Connecticut. There is simply no Massachusetts link – *i.e.*, no in-state conduct which Futuristic can use to establish the requisite elements of both factual and legal causation essential to the relatedness analysis. As Futuristic cannot satisfy the "relatedness" component of the Due Process jurisdictional test, jurisdiction may not be exercised over LBI or Mr. McRae.

### 2. **Purposeful Availment**

Futuristic also cannot meet the required element of purposeful availment. In order to meet this requirement, Futuristic must show that LBI's or Mr. McRae's contacts with Massachusetts "represent a purposeful availment of the privilege of conducting activities in [the State], thereby invoking the benefits and protections of [its] laws and making the defendant's involuntary presence before [the Massachusetts] court foreseeable." *Massachusetts Sch. of Law at Andover, Inc.*, 142 F.3d at 36 (citing *Pritzker v. Yari*, 42 F.3d 53, 61 (1st Cir. 1994)). This component is designed to ensure that personal jurisdiction is not premised solely upon a defendant's "random, isolated, or fortuitous" contacts with the forum. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984).

In analyzing minimum contacts, courts have recognized that jurisdiction can be either specific or general. *See Callahan v. Harvest Bd. Int'l, Inc.*, 138 F. Supp. 2d 147, 158 (D. Mass. 2001). General jurisdiction exists when the defendant has engaged in "continuous and systematic activity" in the forum, even if the activity is unrelated to the suit. *See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 51 (1st Cir. 2002). "Specific jurisdiction exists where there is a demonstrable nexus between

a plaintiff's claims and a defendant's forum based activities, such as when the litigation itself is founded directly on those activities." *Callahan*, 138 F. Supp. 2d at 158.

      a.    **There is No Basis for Exercising General Jurisdiction in this Case**

The Complaint does not identify any contacts that LBI or Mr. McRae have ever had with Massachusetts. In fact, the only contacts LBI and Mr. McRae have had with the Commonwealth, *e.g.*, two random business trips several years ago (*see* McRae Decl. ¶ 4), are nothing more than "random, isolated, and sporadic." Thus, the exercise of general jurisdiction over the defendants would be wholly improper. *See Keeton*, 465 U.S. at 774.

Indeed, courts have refused to find general jurisdiction in cases where a defendant's contacts with the forum have been significantly greater than those present in this case. *See, e.g.*, *Noonan*, 135 F.3d at 93 (finding no general jurisdiction for a company that regularly solicited business in Massachusetts for two years, including telephoning, faxing, and sending letters to Massachusetts to secure book orders, and traveling to Massachusetts on at least two occasions with the intention of developing a relationship with a Massachusetts company); *Glater v. Eli Lilly & Co.*, 744 F.2d 213, 216-17 (1st Cir. 1984) (manufacturer who advertised, employed eight sales representatives to distribute information, and sold products to distributors in the forum was not subject to general jurisdiction); *Donatelli v. National Hockey League*, 708 F. Supp. 31, 35 (D.R.I. 1989) (reciting facts), *rev'd*, 893 F.2d 459 (1st Cir. 1990) (ten years of providing league officials at exhibition hockey games, scouting, providing television broadcasts, and selling products bearing the NHL logo, taken together, did not meet the Due Process test). A comparison of the facts of *Noonan*, *Glater*, and *Donatelli* with those

present here compels the conclusion that this Court may not assert general jurisdiction over either LBI or Mr. McRae.

Because the Complaint makes *no* allegation of any activities on the part of either LBI or Mr. McRae in Massachusetts, let alone alleging the requisite systematic and continuous in-forum activities, there is no basis for exercising general jurisdiction over the defendants.

      **b.**      **There is No Basis for Exercising Specific Jurisdiction in this Case**

Specific jurisdiction exists where there is a demonstrable nexus between a plaintiff's claims and a defendant's forum based activities, such as when the litigation itself is founded directly on those activities. *See Callahan*, 138 F. Supp. 2d at 158. In the instant case, even when reading the Complaint in the light most favorable to Futuristic, virtually all of the conduct complained of occurred in Connecticut. Breaking down the factual allegations of the Complaint, Futuristic complains that LBI and Mr. McRae: (a) secretly closed down LBAI's *Connecticut* offices (Compl., ¶¶ 3, 13); (b) failed to fund LBAI (which was based in *Connecticut*) so that LBAI would be unable to pay DIS BV (a Netherlands company) and unnamed brokers and suppliers (Compl., ¶¶ 9, 10, 15); (c) failed to allow LBAI to promote Mad Croc™ (Compl. ¶¶ 11-12); (d) transferred financial assets from LBAI (in Connecticut) to LBI (in Canada) (Compl. ¶ 14); (e) brought improper legal actions in the United States (Compl., ¶ 16)[5]; (f) caused LBAI to violate the License Agreement (Compl. ¶¶ 17, 19, 20); and (g) made certain deceitful statements

---

[5]    The referenced legal actions were brought *by LBAI* in California, Texas, Virginia, Florida, and New Jersey. (McRae Decl., ¶ 19) None were brought in Massachusetts.

(Complaint, Count IV).[6] Plaintiff has not alleged, nor could it allege without violating Fed. R. Civ. P. 11, that any of this supposed conduct occurred in Massachusetts.

As Futuristic has not alleged any forum based activities, it obviously cannot show that such activities bear a nexus to its claims (as is necessary to prove purposeful availment). This defect alone renders the Complaint jurisdictionally deficient, and requires that LBI's and Mr. McRae's motion to dismiss be granted.

### 3. Reasonableness

Exercising jurisdiction over LBI and Mr. McRae would also be wholly unreasonable. Reasonableness in the First Circuit is determined by applying the following "gestalt factors":

> (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies.

*Noonan*, 135 F.3d at 89 & n.2 (citation omitted).

In the present case, it would be unduly burdensome to require LBI and Mr. McRae, both based in Vancouver, British Columbia, Canada, to appear in a forum over 3,000 miles away. Moreover, Massachusetts has a limited interest in adjudicating this dispute because: (a) practically all of the conduct complained of occurred in Connecticut; (b) Futuristic has only recently relocated to Massachusetts; and (c) LBAI never set out to do business with a Massachusetts company (when it entered into the License Agreement, Futuristic held itself out to be a New York company). Furthermore, LBAI and Futuristic contracted to litigate any dispute arising out of the License Agreement in New York,

---

[6] Despite the requirements of Fed. R. Civ. P. 9(b), Futuristic does not plead the alleged deceitful statements with particularity (and, of course, it does not allege, nor could it, that any of those statements were made in Massachusetts).

where Futuristic has a principal place of business.  (Compl. ¶ 2.)  In light of these circumstances, it is clear that exercising jurisdiction in this forum would be far from reasonable.

    C.    **Jurisdiction Over Mr. McRae Is Improper Because His Minimal Forum-Based Conduct Was Undertaken Exclusively in His Corporate Capacity on Behalf of Either LBAI or LBI, *i.e.*, None of it Was Personal**

Jurisdiction over Mr. McRae is further precluded because he has no personal contacts with Massachusetts.  Under the "fiduciary shield" doctrine, "acts performed by a person in his capacity as a corporate fiduciary may not form the predicate for the exercise of jurisdiction over him in his individual capacity." *Johnson Creative Arts, Inc. v. Wool Masters, Inc.*, 573 F. Supp. 1106, 1111 (D. Mass. 1983).  "The justification for the doctrine is the notion that it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer." *Id.* (citation omitted).  *See also Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902, 906 (1st Cir. 1980) ("jurisdiction over the individual officers of a corporation may not be based merely on jurisdiction over the corporation ... [t]here must be an independent basis for asserting long-arm jurisdiction ... [such as] personal business activities using the corporate form as a shield [or] transact[ing] personal business within the [forum].").

All of Mr. McRae's contacts with Massachusetts occurred either on behalf of LBI or LBAI, and none of those contacts have any relationship to the claims alleged in Futuristic's Complaint.  (McRae Decl. ¶ 4.)  For this additional reason, it would be improper for the Court to exercise jurisdiction over Mr. McRae.

### D. LBAI's Contacts to Massachusetts Cannot Be Imputed to LBI

The Complaint makes no mention of any Massachusetts contacts on the part of either LBI or LBAI. It bears noting, however, that to the extent LBAI has any contacts with Massachusetts, those contacts are not relevant to the Court's present inquiry. As the court discussed in *In re: Lupron Marketing and Sales Practices Litigation*, 245 F. Supp. 2d 280 (D. Mass. 2003), "[t]here is a longstanding common-law presumption that a separately incorporated subsidiary is institutionally independent of its parent and that jurisdiction cannot therefore be asserted over a parent based solely on the conduct of the subsidiary." *Id.* at 291. This "strong" presumption of corporate independence may only be overcome by "clear evidence" of parental subjugation, and requires a showing of "more than the normal badges of ownership." *Id. See also Spaneas v. Travelers Indem. Co.*, 423 Mass. 352, 354 (1996) ("Only in rare instances, in order to prevent gross inequity, will a Massachusetts court look beyond the corporate form.").

The bald and unsubstantiated veil-piercing allegations contained in Futuristic's Complaint are far from the "clear evidence" required to justify piercing the corporate veil between LBAI and LBI. *See Cruz*, 619 F.2d at 905 ("conclusory allegations" regarding veil piercing are insufficient to establish jurisdiction on those grounds). *Cf. Omni-Wave Elec. Corp. v. Marshall Indus.*, 127 F.R.D. 644, 647 (D. Mass. 1989) (mere assertion that defendants are alter egos is not sufficient to withstand a motion to dismiss). *See also* Higgins Decl. ¶¶ 5-12.

Moreover, assuming *arguendo* that Futuristic could make the requisite showing sufficient to pierce the corporate veil between LBI and LBAI, it would then have to show

that LBAI itself is subject to jurisdiction in Massachusetts – a task it has made no effort to satisfy.[7]

## IV. CONCLUSION

When all of the conclusory allegations and boilerplate statements are stripped from the Complaint, it becomes apparent that, while it may be more convenient for Futuristic to litigate this suit in this forum, this suit has no Massachusetts connection. Moreover, before this Court elects to exercise jurisdiction over the two Canadian defendants, it must satisfy itself – based on Futuristic's affirmative evidentiary showing – that such jurisdiction is consistent with the limitations of the Constitution. Such satisfaction is impossible. Seeing that neither LBI nor Mr. McRae, in his personal capacity, ever intended to do any business with Futuristic in Massachusetts, and never in fact engaged in any such business, the only possible conclusion is that jurisdiction does not properly lie in this case. Accordingly, LBI's and Mr. McRae's motion to dismiss for lack of personal jurisdiction should be granted.

---

[7] Futuristic would also have to show that there is some basis for ignoring the arbitration provision in the License Agreement between it and LBAI – another insurmountable hurdle disregarded in the Complaint.

Respectfully submitted,

LEADING BRANDS, INC., and
RALPH MCRAE

By their attorneys,

_____
Paul F. Ware, Jr., P.C. (BBO No. 516240)
David J. Apfel (BBO No. 551139)
Christopher D. Moore (BBO No. 630651)
David Himelfarb (BBO No. 649596)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109
Tel: 617-570-1000
Fax 617-523-1231

April 28, 2004

## CERTIFICATE OF SERVICE

I, David Himelfarb, hereby certify that on this 28th day of April, 2004, I caused one true and accurate copy of Defendants' Memorandum in Support of Defendants' Motion to Dismiss For Lack of Personal Jurisdiction to be served by hand upon counsel of record for Plaintiff Futuristic Brands USA, Inc.

_____
David Himelfarb