UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FUTURISTIC BRANDS USA, INC.

    Plaintiff,

v.

LEADING BRANDS, INC., and RALPH MCRAE

    Defendant.

Civil Action No. 04-CV-10303 RWZ

# DECLARATION OF RALPH MCRAE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

I, Ralph McRae, hereby depose and state as follows:

1. I am the President, Chairman, and Chief Executive Officer of Leading Brands, Inc. ("LBI") and the Chairman and Chief Executive Officer of Leading Brands of America, Inc. ("LBAI"). Except as to those matters stated on information and belief, I have personal knowledge of the facts stated herein.

## Personal Contacts With Massachusetts

2. I am a resident and citizen of Canada. I own no property whatsoever in Massachusetts, maintain no bank accounts in Massachusetts, do no personal business in Massachusetts, derive no income from Massachusetts sources, and have never paid personal income taxes in Massachusetts.

3. I have never filed a lawsuit in Massachusetts, nor defended against any lawsuit in this jurisdiction.

4. In fact, in my lifetime, I have only been to Massachusetts on six occasions that I can recall. Two occasions, over three years ago, were brief visits on behalf of LBI having nothing to do with the present lawsuit. On a third occasion, I traveled to Massachusetts to meet with a customer of Leading Brands of Canada, Inc., again on a matter having nothing to do with this suit. Finally, in July and September 2003, I traveled to Massachusetts to have two brief meetings with Mr. Lines. I attended both of these meetings solely in my capacity of an officer of LBAI. Lastly, I traveled to Boston, again briefly, to retain counsel to bring the present motion.

**Background Regarding LBI**

5. LBI is an independent, fully integrated premium beverage company located at 1500 West Georgia, Suite 1800, Vancouver, British Columbia, Canada, V6G 2Z6.

6. LBI is a holding company and the parent corporation of LBAI.

**Background Regarding LBAI**

7. LBAI is LBI's operating subsidiary in the United States. LBAI is in the business of licensing, marketing, and distributing beverage products in the United States. It does not manufacture any goods and maintains no physical plant.

8. LBAI was established for the purpose of conducting business in the United States and Mexico.

9. LBAI is a Delaware corporation. Its principal place of business was located at 880 Canal Street, Stamford, Connecticut, 06902, where its former President, Robert W. Miller, worked. LBAI has never maintained any offices in Massachusetts.

### LBAI's Dealings With Futuristic

10.     LBAI, through its then President, Robert W. Miller, negotiated the license agreement with Mr. Lines. That agreement gave LBAI the exclusive right to market, distribute, and sell the Mad Croc beverage in the United States and Canada.

11.     I was informed by Mr. Miller that the license agreement was negotiated principally on the telephone by Mr. Miller from LBAI's Stamford, Connecticut headquarters. Neither I nor LBI were involved in that negotiation, nor does LBI claim any rights under that agreement.

12.     At the time of contracting, I understand that Futuristic held itself out to be a Delaware corporation with its principal place of business located at 3 Park Avenue, New York, New York.

13.     I have only recently learned that Futuristic has purportedly relocated to Massachusetts.

14.     Neither LBI nor I, working in my capacity as an officer of LBI, have had any contacts with Futuristic in Massachusetts.

15.     To the extent Futuristic has a dispute with LBAI concerning the License Agreement, that dispute would have to be arbitrated in New York. Paragraph 21.8 of the License Agreement states, "any controversy or claim arising out of or pursuant to this Agreement or its termination or arising out of any transaction or occurrence contemplated by this Agreement shall be settled by arbitration in accordance with the rules and under the auspices of the New York Arbitration Association .... Such arbitration shall take place exclusively in New York ...."

16. Upon Futuristic's wrongful attempts to terminate the License Agreement and induce LBAI's President, Robert Miller, to terminate his employment with LBAI, LBAI brought suit against Futuristic, among other parties, in Connecticut. That action, which was subsequently removed to the District of Connecticut, is captioned *Leading Brands of America, Inc. v. Miller et al.*, Civil Action No. 3:03cv1971 (MRK) (D. Ct.).

17. In the Connecticut action, Futuristic successfully moved to compel arbitration of its dispute between itself and LBAI.

18. In the instant action, Futuristic apparently wishes to litigate its dispute with LBAI against LBI and myself under a "veil piercing" theory even though its claims against LBAI, by its own admission, are subject to mandatory arbitration in New York.

19. I understand that Futuristic's Complaint references certain legal actions brought by LBAI. (Compl. ¶ 16.) Those actions were brought by LBAI in California, Texas, Virginia, Florida, and New Jersey. None were brought in Massachusetts.

I declare under the penalty of perjury under the laws of the Province of British Columbia, Canada, that the foregoing is true and correct.

Executed this 27th day of April, 2004, at Vancouver, British Columbia, Canada.

By: _____
Ralph D. McRae

LIBA/1370460.4