UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FUTURISTIC BRANDS USA, INC.

Plaintiff,

v.

LEADING BRANDS, INC., and RALPH MCRAE

Defendant.

Civil Action No. 04-CV-10303 RWZ

**DECLARATION OF DONNA HIGGINS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

I, Donna Higgins, hereby depose and state as follows:

1.   I am the Chief Financial Officer of Leadings Brands, Inc. ("LBI"). I am also the Chief Financial Officer of Leading Brands of America, Inc. ("LBAI"). Except as to those matters stated on information and belief, I have personal knowledge of the facts stated herein.

2.   A list of the Directors and Officers of LBI and LBAI is attached hereto as Exhibit A.

3.   LBI has no offices in Massachusetts, neither owns nor leases any property in Massachusetts, has no phone lines in Massachusetts and no phone numbers with Massachusetts area codes, has no agents or employees in Massachusetts (including no agents for service), conducts no advertising in Massachusetts, has no bank accounts in Massachusetts, pays no taxes in Massachusetts, provides no products or services in

-1-

Massachusetts, has not contracted to insure any person, property, or risk in Massachusetts, and is not registered to do business in Massachusetts.

4. LBI has never consented to jurisdiction in Massachusetts and has never brought or defended itself in any legal action in Massachusetts or otherwise availed itself of this forum.

5. Although the Complaint alleges that LBAI is no longer in existence, this is not the case. LBAI continues to meet its ongoing and undisputed obligations and has not dissolved its corporate existence.

6. LBAI has always had, and continues to have, a separate and wholly independent corporate existence from LBI.

7. LBAI has always maintained sufficient resources to meet any of its undisputed obligations.

8. LBAI has never improperly diverted any funds to LBI.

9. LBAI has never attempted to transfer the Mad Croc license agreement to LBI, and LBI has never claimed that it has any rights under that agreement.

10. LBI has never exercised dominion or control, to the exclusion of LBAI, over any monies belonging to LBAI. LBI and LBAI have always maintained separate financial accounts and there has never been a commingling of assets between LBAI and LBI.

11. LBI and LBAI have always maintained separate accounting records, tax returns, and have operated as distinct legal entities. While LBI and LBAI have some officers in common, their responsibilities have always been separate and distinct.

12. LBAI has always observed corporate formalities.

-3-

I declare under the penalty of perjury under the laws of the Province of British Columbia, Canada, that the foregoing is true and correct.

Executed this 27th day of April, 2004, at Vancouver, British Columbia, Canada.

By: _____
    Donna Higgins

LIBA/1371848.1