UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FUTURISTIC BRANDS USA, INC., NEW SUN BEVERAGES CORPORATION (USA), INC., ZEMPER INTERNATIONAL SA,<br><br>Plaintiff,<br><br>v.<br><br>LEADING BRANDS, INC., and RALPH McRAE,<br><br>Defendants. | Civil Action No. 04-cv-10303RWZ |

## PLAINTIFFS' MOTION FOR PERMISSION TO FILE SUPPLEMENTAL MATERIALS IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiffs, Futuristic Brands USA, Inc., New Sun Beverages Corporation (USA), Inc., and Zemper International SA hereby move the Court for permission to file supplemental materials in support of their motion for a temporary restraining order and preliminary injunction which was filed with this Court on June 18, 2004. In support of their motion, plaintiffs state as follows:

1. In an action pending in Suffolk Superior Court between plaintiffs and Leading Brands of America, Inc. ("LBAI"), plaintiffs filed a similar motion for a preliminary injunction against LBAI, the party to the license agreements with the various plaintiffs. At the hearing on plaintiff's motion on June 22, 2004, LBAI asserted that (i) it had not interfered or threatened to interfere with plaintiffs' sale or re-licensing of its brands, and (ii) it was not asserting and had no intention of asserting that it continues to

possess any rights to the distribution or sale of Mad Croc or Red Devil in the United States or Canada. Following the hearing on June 22, 2004, plaintiffs' counsel wrote to LBAI's counsel, Michael A. Collora, to confirm the above representations made by him on behalf of LBAI. A copy of the June 22, 2004 letter to Michael A. Collora, Esq. is attached hereto as Exhibit A. In a response dated June 23, 2004, Attorney Collora refused to commit to the representations previously made in the superior court and vaguely indicated that he did not agree with everything in that letter. A copy of Attorney Collora's June 23, 2004 response is attached hereto as Exhibit B. As a result, there remains the threat that LBAI, or Leading Brands, Inc., will interfere with plaintiffs' sale or re-licensing of its brands.

2. Further, on June 23, 2004, plaintiffs obtained and filed with the superior court an affidavit from Ari Koivula directly contradicting LBAI's assertion that it had not threatened to interfere with the sale or re-licensing of plaintiffs' brands. In his affidavit, Mr. Koivula states:

> At some point in or around June 9-11, 2004, I was informed orally by a Timothy Powers (who asserted that he was legal counsel for Leading Brands) that if we proceeded with the distribution of Red Devil in the United States, we would face legal action from Leading Brands in connection with such activity. He asserted that Leading Brands still had exclusive rights to the distribution of Red Devil and that any such actions by my company could subject it to substantial damages.

A copy of Mr. Koivula's affidavit is attached hereto as Exhibit C.

3. On June 24, 2004, the superior court denied plaintiffs' request for an injunction *without prejudice* stating: "At this time, on the present record, I am not persuaded that there is a showing of interference that would warrant injunctive relief." A copy of the superior court's June 24, 2004 order is attached hereto as Exhibit D. It is

impossible to say whether the Superior Court considered Mr. Koivula's affidavit in reaching its decision, although it seems unlikely in light of the court's indication that there was no showing of interference. Indeed, given that the court went out of its way to emphasize that the motion was denied "without prejudice" and stated "at this time" and "on the present record," the court gave the distinct impression that it would grant injunctive relief against LBAI if the plaintiffs' made a showing of interference, which they have now done with the Koivula affidavit.

4. The recent proceedings in the superior court and the related materials submitted as exhibits hereto are critical to this Court's determination of plaintiffs' motion in this action and to appreciate the serious nature of the interference, and threats of interference, faced by plaintiffs.

WHEREFORE, plaintiffs request that the Court accept the supplemental materials attached as Exhibits A through D hereto for consideration in connection with plaintiffs' motion for temporary restraining order and preliminary injunction and grant such further relief as the Court deems just and equitable.

Respectfully submitted,

FUTURISTIC BRANDS USA, INC., NEW SUN BEVERAGES CORPORATION (USA), INC., and ZEMPER INTERNATIONAL SA

By their attorneys,

*Richard P. O'Neil*
Evan Slavitt (466510)
Richard P. O'Neil (645214)
Bodoff & Slavitt LLP
225 Friend Street
Boston, MA 02114
(617)742-7300

Dated: June 25, 2004

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be delivered a copy of the foregoing on the date set forth above to all counsel of record by hand, courier, or first class mail.

*Richard P. O'Neil*

# EXHIBIT A


**Bodoff & Slavitt** LLP
ATTORNEYS AT LAW

225 Friend Street
Boston, MA 02114-1812

617.742.7300
617.742.9969 *fax*
www.bodoffslavitt.com

June 22, 2004

By Fax:

Michael A. Collora, Esq.
Dwyer & Collora
600 Atlantic Avenue
Boston, MA 02210-2211

Re:   <u>Leading Brands Litigation</u>

Dear Mr. Collora:

I would like to confirm the representation you clearly and unequivocally made in open court this afternoon. You represented to the Court that Leading Brands of America is not currently asserting and has no intention to assert that it continues to possess any rights to the distribution or sale either of Mad Croc or Red Devil in the United States or Canada. Further, you represented in open court that your clients would not assert, imply, suggest, or in any other fashion create the impression that any entity which sought to distribute or sell either of those brands in North America would face any law suit or threat of suit by your clients.

If my understanding of your explicit statements to the Court is in any way incorrect, please inform me at your earliest opportunity so we may correct any misimpressions the judge may have in deciding the pending motion. Although I doubt that there could be any confusion from your unambiguous assertions, particularly given your eloquence and skill as an advocate, this matter is of sufficient importance to make sure that the record is clear beyond any doubt.

I look forward to talking with you.

Sincerely,

*Evan Slavitt*
Evan Slavitt

# EXHIBIT B

**Dwyer & Collora, LLP**

600 Atlantic Avenue
Boston, Massachusetts 02210-2211
Telephone (617) 371-1000
Fax (617) 371-1037
www.dwyercollora.com

June 23, 2004

**Michael A. Collora**
(617) 371-1002
mcollora@dwyercollora.com

**BY FACSIMILE & FIRST CLASS MAIL**

Evan Slavitt, Esq.
Bodoff & Slavitt, LLP
225 Friend Street
Boston, MA 02114-1812

Re: *Futuristic Brands USA, Inc. v. Leading Brands, Inc., and Ralph McRae*
Civil Action No. 04-CV-10303-RWZ

Dear Evan:

I am in receipt of your letter dated June 22, 2004.

I do not agree with everything in your letter. I do believe the transcript at the hearing, along with the pleadings in this case, set forth Leading Brands of America's position at this point. I am sending your letter, however, to my client for further review, and will get back to you if we wish to reply further.

Sincerely yours,

*Michael A. Collora*

Michael A. Collora

MAC/lag

cc w/Enc.:   Michael B. Galvin
             Ralph McRae

**EXHIBIT C**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEP'T
No. 04-1753-BLS2
(Judge Botsford)

FUTURISTIC BRANDS USA, INC.,
NEW SUN BEVERAGES
CORPORATION (USA), INC.,
ZEMPER INTERNATIONAL SA,

    Plaintiff,

v.

LEADING BRANDS OF AMERICA, INC.,

    Defendant.

## AFFIDAVIT OF ARI KOIVULA

I, Ari Koivula, do hereby depose and say as follows:

1. My name is Ari Koivula. I am a resident of Luxembourg and I am the principal of the company that has recently acquired the rights to distribute Red Devil in the United States from Zemper International.

2. I have been informed that American legal counsel to Leading Brands of America has recently stated in a court proceeding that my company was not threatened by Leading Brands in connection with our plan to distribute Red Devil in the United States. This statement is not true.

3. At some point in or around June 9-11, 2004, I was informed orally by a Timothy Powers (who asserted that he was legal counsel for Leading Brands) that if we proceeded with the distribution of Red Devil in the United States, we would face legal action from Leading Brands in connection with such activity. He asserted that Leading

Brands still had exclusive rights to the distribution of Red Devil and that any such actions by my company could subject it to substantial damages. He further stated that they might try to stop us distributing Red Devil in the United States.

4. I have consulted legal counsel to get further assurances that our rights with respect to Red Devil are not at risk. These threats from Leading Brands are a significant and continuing concern.

FURTHER THE AFFIANT SAYETH NOT.

Signed under the pains and penalties of perjury this 22nd day of June, 2004.

_____
Ari Koivula

2

# EXHIBIT D

Case 1:04-cv-10303-RWZ   Document 22   Filed 06/25/2004   Page 12 of 13

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEP'T
No. 04-1753-BLS2
(Judge Botsford)

FUTURISTIC BRANDS USA, INC.,  )
NEW SUN BEVERAGES )
CORPORATION (USA), INC., )
ZEMPER INTERNATIONAL SA, )
 )
    Plaintiff, )
 )
v. )
 )
LEADING BRANDS OF AMERICA, INC., )
 )
    Defendant. )

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs Futuristic Brands USA, Inc. ("Futuristic"), New Sun Beverages Corporation (USA), Inc. ("New Sun"), and Zemper International SA ("Zemper") move for a preliminary injunction to prevent any interference in the re-licensing of the Mad Croc, New Sun and Red Devil brands of energy drinks and to require Leading Brands of America, Inc. to comply with its obligations upon termination of license agreements with Futuristic, New Sun and Zemper. In support of this motion, the moving parties submit an accompanying memorandum of law, supporting affidavits, and a proposed order.

{00007792.2}

*Handwritten annotations:*
- "notice sent 6/23/04 E.S. B+S M.A.C. M.B.G. D+C (mh)"
- "Notify"
- "After hearing, the motion is denied without prejudice. At this time, on the present record, I am not persuaded that there is a showing of interference that would warrant injunctive relief. Margot Botsford J. 6/22/04"