UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FUTURISTIC BRANDS USA, INC., NEW SUN BEVERAGES CORPORATION (USA), INC., ZEMPER INTERNATIONAL SA<br><br>Plaintiffs,<br><br>v.<br><br>LEADING BRANDS, INC., and RALPH MCRAE<br><br>Defendants. | Civil Action No. 04-CV-10303-RWZ |

## AFFIDAVIT OF MICHAEL B. GALVIN

I, Michael B. Galvin, being duly sworn, hereby state:

1. I am an attorney admitted to practice in the Commonwealth of Massachusetts and the U.S. District Court for the District of Massachusetts. I am an associate attorney at the law firm of Dwyer & Collora, LLP in Boston, MA.

2. Michael A. Collora and I have been retained as legal counsel to Defendants Leading Brands, Inc. ("LBI") and Ralph McRae in the above-captioned case. We also serve as legal counsel to LBI's American subsidiary, Leading Brands of America, Inc. ("LBAI") in Futuristic Brands USA, Inc. et al. v. Leading Brands of America, Inc., No. 04-1753-BLS2 (Botsford, J.), a parallel action now pending in the Business Litigation Session at Suffolk Superior Court.

**Dwyer & Collora, LLP**

600 Atlantic Avenue
Boston, Massachusetts 02210-2211
Telephone (617) 371-1000
Fax (617) 371-1037
www.dwyercollora.com

June 24, 2004

**Michael B. Galvin**
(617) 371-1075
mgalvin@dwyercollora.com

*By Facsimile &*
*First-Class Mail*

Evan Slavitt, Esq.
Bodoff & Slavitt, LLP
225 Friend Street
Boston, MA 02114-1812

Re: <u>Futuristic Brands USA, Inc. v. Leading Brands of America, Inc.</u>

Dear Evan:

    We enclose a copy of Judge Botsford's Order, denying your motion for a preliminary injunction. Based on this ruling, we ask that you withdraw the virtually identical motion and supporting materials you simultaneously filed in the proceedings before Judge Zobel. Because your arguments are no different – and in fact are even weaker in the federal case, given neither of the defendants in that suit were even parties to the License Agreements – Judge Zobel will not overrule Judge Botsford. Due to the similarity of the issues, Judge Zobel is collaterally estopped from doing so. What is more, you failed to comply with Local Rule 7.1(A)(2), which affirmatively required you to consult with us before filing your motion in federal court.

    Please respond to this request as soon as possible, so that we can file appropriate materials with Judge Zobel.

Very truly yours,

Michael B. Galvin

MBG/loc

cc: Michael A. Collora, Esq.

3. On June 22, 2004, Michael A. Collora and I attended a hearing before Judge Margot Botsford on the Plaintiffs' Motion for a Preliminary Injunction in that case. Evan Slavitt, counsel for the Plaintiffs in this case, appeared on behalf of the Plaintiffs at that hearing.

4. The hearing lasted approximately 15 minutes. In his argument, Slavitt told Judge Botsford that Ari Koivula had been interfered with by LBAI's legal counsel Timothy Powers, who threatened to bring legal actions against Koivula if he sought to re-license one of the Plaintiffs' products for distribution in the United States. Slavitt did not say when that "threat" was made. However, Slavitt informed Judge Botsford that the notices of termination without cause were dated June 9, 2004, and that Powers sent what Slavitt labeled as a "threatening" e-mail to Koivula on June 11, 2004. A copy of that e-mail is attached at Tab R to the affidavit Slavitt submitted in the state court case and attached to the Affidavit Powers has submitted in this case.

5. At the conclusion of the hearing, Judge Botsford did not rule on the Motion and instead informed counsel that she was taking the matter under advisement.

6. On June 24, 2004, I received a copy of Judge Botsford's Order denying the Plaintitffs' Motion for a Preliminary Injunction. Based on that ruling, I wrote to Slavitt, requesting that he voluntarily withdraw his Motion for a Temporary Restraining Order and Preliminary Injunction in this case. A true and correct copy of my letter is attached hereto.

7. On June 24, 2004, Slavitt called me and refused to withdraw his Motion for a Temporary Restraining Order and Preliminary Injunction in this case.

SIGNED UNDER THE PENALTIES OF PERJURY, this 2nd day of July, 2004.

_____
Michael B. Galvin

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 7/2/04.

3