UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FUTURISTIC BRANDS USA, INC., NEW SUN BEVERAGES CORPORATION (USA), INC., ZEMPER INTERNATIONAL SA, <br><br> Plaintiff, <br><br> v. <br><br> LEADING BRANDS, INC., and RALPH McRAE, <br><br> Defendants. | Civil Action No. 04-cv-10303RWZ |

## EMERGENCY MOTION OF PLAINTIFFS AND THOMAS LINES FOR A PROTECTIVE ORDER AND TO COMPEL DEPOSITION OF RALPH MCRAE AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to Rules 26(c) and 37(d) of the Federal Rules of Civil Procedure and Local Rule 37.1, plaintiffs, Futuristic Brands USA, Inc., New Sun Beverages Corporation (USA), Inc. and Zemper International SA, together with Thomas Lines, hereby move the Court for a protective order prohibiting defendants from taking Mr. Lines' deposition on July 27-28, 2004 and to compel defendant, Ralph McRae to appear for his properly noticed deposition on July 27, 2004 at 10:00 a.m. The requested protective order and order to compel are required because defendants unfairly seek to gain a timing advantage by taking Mr. Lines' deposition prior to Mr. McRae's deposition, despite the fact that Mr. McRae's deposition was noticed six weeks prior to Mr. Lines' deposition in a Connecticut federal court action that defendants' agreed to conduct joint discovery with the instant action. Contrary to prior representations made to this Court, defendants now

{00008630.1}

contend that the Connecticut action should be "cut loose" from this action, and defendants have rebuffed plaintiffs' efforts to reach a compromise concerning the order of depositions.

1. As set forth in the Joint Statement Concerning Proposed Pretrial Schedule filed with this Court on June 25, 2004, the parties have agreed to conduct joint discovery in several cases pending between the plaintiffs, their officers and others and the defendants and Leading Brands, Inc.'s subsidiary, Leading Brands of America, Inc. At the time defendants agreed to a unified discovery schedule in the various actions, they were aware that Mr. McRae's deposition had been noticed on May 4, 2004 and was originally to take place on May 27, 2004. A copy of the deposition notice is attached hereto as <u>Exhibit A</u>. The foregoing deposition notice was issued in *Leading Brands of America, Inc. v. Robert W. Miller*, No. 3:03 cv 1971 (MRK) (D. Conn.), which is among the actions for which the parties agreed to a unified discovery schedule. Mr. McRae's deposition was postponed by agreement.

2. Defendants were also aware that the deposition of Thomas Lines was not noticed until June 17, 2004, approximately *six weeks after* Mr. McRae's deposition was noticed, for a deposition to take place on July 8 and 9, 2004. A copy of the deposition notice is attached hereto as <u>Exhibit B</u>. As with Mr. McRae's deposition, Mr. Lines' deposition was postponed by agreement, but defendants now insist on taking Mr. Lines' deposition on July 27-28, 2004, before Mr. McRae is made available for deposition.

3. Based on the usual first in time rule, plaintiffs naturally assumed that Mr. McRae would be deposed before Mr. Lines and were, therefore, surprised when defendants insisted that Mr. Lines' deposition be taken first.

4. In an effort to circumvent the fact that Mr. McRae's deposition was noticed first, defendants now take the position that the Connecticut action, in which the McRae deposition notice issued, be severed from the unified discovery schedule. For instance, Attorney Collora wrote "I suggest we cut loose from the Miller case in Connecticut[.]" July 12, 2004 Letter from M. Collora to E. Slavitt attached hereto as Exhibit C. This is a transparent attempt to gain a timing advantage. More importantly, it directly contravenes defendants' representation to this Court that discovery in the Connecticut Action would be conducted jointly with this action. *See* Joint Statement Concerning Proposed Pretrial Schedule p. 2, a copy of which is attached hereto as Exhibit D. This Court should not countenance such conduct.

5. By defendants' account, deposition notices issued in the Connecticut federal action do not play into the sequence of discovery in this action, despite the agreement to conduct joint discovery. By this logic, the deposition notice issued to Mr. Lines was issued in the Massachusetts state court action and, likewise, should not affect the sequence of discovery in this action. Indeed, the only deposition notice issued in the instant action is one issued by plaintiffs to Ralph McRae, a copy of which is attached as Exhibit E. Yet, Attorney Collora has bluntly indicated that Mr. McRae will not obey the deposition notice, stating "[a]s for the deposition notice for Mr. McRae which I received from you, it is a nullity and I intend to disregard it." July 13, 2004, Letter from M. Collora to E. Slavitt, attached hereto as Exhibit F.

6. Mr. McRae's deposition having been properly noticed, there is no justifiable reason for him to disregard the notice, and pursuant to Rule 37(d) this Court

should enter an order compelling his attendance on July 27, 2004 at 10:00 a.m. at the offices of plaintiffs' counsel.

7.   Pursuant to Rule 26(c) and Local Rule 37.1, Mr. Lines' and plaintiffs have attempted to confer with defendants in an attempt to resolve this dispute concerning the order of depositions. Not only have defendants been unwilling to acknowledge the logic that the first in time should take precedence, they have refused to confer in good faith. During one telephone conversation discussing possible resolutions, Attorney Collora hung the phone up on Attorney Slavitt, and in his most recent correspondence Attorney Collora stated: "I believe we are best off communicating by letter at this point." and "Please reply in writing only." See Exhibit F.

8.   Furthermore, defendants rebuffed plaintiffs' compromise offer which was based on the assumption that the depositions of key individuals would last more than one day. Plaintiffs offered to take just one day of Mr. McRae's deposition and to then allow defendants to take one day of deposition for both Mr. Lines and Mr. Miller before plaintiffs completed Mr. McRae's deposition. See July 12, 2004 Letter from E. Slavitt to M. Collora, attached hereto as Exhibit G. Defendants flatly refused this proposed resolution and have not offered any alternative solutions. This, together with Attorney Collora's refusal to communicate with plaintiffs' counsel in any manner other than written correspondence, forced plaintiffs to resort to filing this motion.

9.   Rule 26(c) provides, in relevant part,

> the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> . . .

(2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time and place[.]

10. The present circumstances are somewhat unique in that Mr. Lines does not object to his deposition being taken at some point in time. Rather, by this motion, he and plaintiffs seek an order requiring Mr. McRae, whose deposition was noticed first and who was the only person noticed in the instant action, to appear for deposition prior to Mr. Lines. Such an order is well within this Court's authority granted by Rule 26(c) and is fair and equitable under the circumstances. *See Keller v. Edwards*, 206 F.R.D. 412, 416 (D. Md. 2002) (citing *Worm v. American Cyanamid Co.*, 5 F.3d 744, 749 (4th Cir. 1993).

11. Because defendants insist that Mr. Lines be made available for deposition starting on July 27, 2004, plaintiffs and Mr. Lines request that the Court consider this matter on an expedited basis, with a response deadline and hearing being scheduled accordingly.

WHEREFORE, plaintiffs and Thomas Lines respectfully request that this Court: (i) schedule this matter for a hearing and require defendants to submit their oppositions prior to July 27th, and (ii) enter an order prohibiting defendants from taking Mr. Lines' deposition on July 27-28, 2004 and compelling defendant, Ralph McRae to appear for deposition on July 27, 2004 at 10:00 a.m. at the office of plaintiffs' counsel.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs and Thomas Lines hereby request oral argument on their motion.

Respectfully submitted,

FUTURISTIC BRANDS USA, INC., NEW SUN BEVERAGES CORPORATION (USA), INC., ZEMPER INTERNATIONAL SA, and THOMAS LINES

By their attorneys,

*Richard P. O'Neil* (signature)
Evan Slavitt (466510)
Richard P. O'Neil (645214)
Bodoff & Slavitt LLP
225 Friend Street
Boston, MA 02114
(617)742-7300

Dated: July 15, 2004

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be delivered a copy of the foregoing on the date set forth above to all counsel of record by hand.

*Richard P. O'Neil* (signature)

{00008630.1}

6



225 Friend Street
Boston, MA 02114-1812

617.742.7300
617.742.9969 *fax*
www.bodoffslavitt.com



**Bodoff & Slavitt** LLP
ATTORNEYS AT LAW

July 15, 2004

**BY HAND DELIVERY**

Clerk, U.S. District Court
for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re:  <u>Futuristic Brands USA, Inc., New Sun Beverages Corporation (USA), Inc., Zemper International SA v. Leading Brands, Inc., and Ralph McRae</u>
Civil Action No. 04-cv-10303RWZ

Dear Sir or Madam:

Enclosed please find an original and one copy of the Emergency Motion of Plaintiffs and Thomas Lines for a Protective Order and To Compel Deposition of Ralph McRae and Memorandum in Support Thereof in connection with the above-referenced case. Kindly file the original and return one date-stamped copy to my messenger.

Sincerely yours,

Christine Yancovitz
Paralegal

Enclosures

cc:  Michael A. Collora, Esq. (w/ enclosures via hand delivery)
     Michael B. Galvin, Esq. (w/ enclosures via hand delivery)