UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUL 19  A 10: 32

U.S. DISTRICT COURT
DISTRICT OF MASS

---

FUTURISTIC BRANDS USA, INC.,
NEW SUN BEVERAGES CORPORATION
(USA), INC. and ZEMPER INTERNATIONAL
SA
        Plaintiffs,

    v.

LEADING BRANDS, INC. and RALPH
McRAE

        Defendants.

Civil Action No. 04-CV-10303-RWZ

---

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND TO COMPEL DEPOSITION OF RALPH MCCRAE

In their motion for a protective order and to compel deposition, plaintiffs seek to prevent Defendants Leading Brands, Inc. ("LBI") and Ralph McRae ("McRae") from deposing Thomas Lines, even where there was an agreement, in writing, between the Defendants and Plaintiffs to make Thomas Lines ("Lines") available for deposition on a date certain and there was no agreement about any date for a deposition of Ralph McRae. See Joint Statement Concerning Proposed Pretrial Schedule Pursuant to Local Rule 16.1(D), attached hereto as Exhibit A. Further, Leading Brands of America, Inc. v. Robert W. Miller, No. 3:03 cv 1971 (MRK) (D. Conn.) (hereinafter the "Connecticut Case") is a different case from the case at bar, the counsel of record in that action are different. While Miller's counsel served a notice of deposition on McRae in that case, Miller's counsel has not pursued conducting or scheduling that deposition. As such, Mr. McRae's deposition in that action should not dictate discovery in this case. Finally,

Plaintiffs have failed to show that justice would require Mr. McRae to be deposed first precisely because Mr. Lines does not object to his deposition being taken and, as such, has not shown that this would cause Mr. Lines annoyance, embarrassment, oppression, or undue burden or expense. See Fed. R. Civ. P. 26(c), Motion for Protective Order ¶ 10.

Defendants believe that oral argument on this motion will assist the Court, and ask that the Court schedule such a hearing as soon as practicable so as to avoid postponing Mr. Lines' deposition currently scheduled for July 27 and 28, 2004.

## ARGUMENT

### 1.    Plaintiffs agreed to the Joint Statement Regarding Mr. Line's Deposition Date and Location.

Contrary to Plaintiffs' assertions, the "first in time rule" was eliminated under Rule 26 long ago. See Fed. R. Civ. P. 26, comment (1970 Amendment); 48 F.R.D. 487, 506. In fact, Rule 26(d) was enacted "to avoid the predicable effect of the priority rule – a race between counsel to be the first to note depositions." Keller v. Edwards, 206 F.R.D. 412, 415 (D. Md. 2002). Instead, the parties must coordinate deposition dates accordingly.

Utilizing what counsel for the defendant thought was the coordinated approach, both parties, through their counsel, agreed to a "proposed discovery plan" under Rule 26(f), which was submitted to the Court in writing and approved. See Exhibit A. As settled by both parties and this Court, the discovery schedule provided a specific date and location for Mr. Lines' deposition, which Defendants believed was to be the first deposition to be taken. See July 9, 2004, Letter from M. Collora to E. Slavitt, attached hereto as Exhibit B. Defendants reminded Attorney Slavitt of this agreement and, consequently, regarded Plaintiffs' notice of deposition as a "nullity." July 13, 2004, Letter from M. Collora to E. Slavitt, attached hereto as Exhibit C. Defendants did not in any way suggest or agree that Mr. McRae would be subject to deposition

2

prior to Mr. Lines' deposition. Furthermore, based upon the fact that Attorney Slavitt agreed to produce Mr. Lines for deposition according to the Joint Statement and without any discussion as to when Mr. McRae would be deposed, Defendants did not intend to produce Mr. McRae for deposition until August. See Exhibit B.

Even if the "first in time rule" still applied, Defendants, by letter to Attorney Slavitt, gave notice of deposition of Mr. Lines after the discovery plan was submitted and approved by the Court. Id. After all, "a party may not seek discovery from any source before the parties have conferred as required under Rule 26(f)." Fed. R. Civ. P. 26(d). Even where Defendants agreed to a unified discovery plan encompassing cases in different jurisdictions, the first in time rule gives priority to Defendants in seeking Mr. Lines' deposition precisely because Defendants here gave notice of Mr. Lines' deposition first through the Joint Statement and again via letter to Attorney Slavitt.

## 2.    This Case and The Connecticut Case Are Dissimilar.

Defendants suggested "cut[ting] loose from the Miller case in Connecticut and let counsel for Mr. Miller take Mr. McRae's testimony when and if he wants" expressly for the reason that the Connecticut case is dissimilar from the present case. July 12, 2004, Letter from M. Collora to E. Slavitt, attached hereto as Exhibit D. Different attorneys of record represent parties in that case, and, as such, any agreement to depose Mr. McRae in that case should be left to the attorneys of record of that particular action. See Fed. R. Civ. P. 26(f) (requiring the attorneys of record in a case to confer and agree to a discovery schedule).

Plaintiffs' assertion that "the deposition notice issued to Mr. Lines was issued in the Massachusetts state court action, and . . . should not affect the sequence of discovery in this action" is wrong. Unlike the Connecticut case, the same counsel here represents Plaintiffs in the

3

Massachusetts action of <u>Futuristic Brands, USA, Inc. v. Leadings Brands of America, Inc.</u>, Case

No. 04-1753-BLS2 (Mass. Super.) (Botsford, J.). <u>See</u> Notice of Deposition of Thomas Lines,

attached hereto as Exhibit E. In both the state action as well as in this action, the same counsel

represents both parties. Joint discovery for both the Massachusetts state action as well as in this

action is appropriate and warranted.

Finally, Defendants in the case at bar presently have no intention of deposing Mr. Miller

at the time, and, as such, Attorney Slavitt's "compromise offer" is inapposite. July 12, 2004,

Letter from E. Slavitt to M. Collora, attached hereto as Exhibit F. Should Defendants have the

necessity to depose Mr. Miller in the Connecticut action as it relates to the matters brought in

Massachusetts, Defendants will confer with Mr. Miller's counsel.

### 3. Deposing Mr. Lines First Would Not Cause Mr. Lines Annoyance, Embarrassment, Oppression, or Undue Burden or Expense.

Even assuming that Plaintiffs in this action noticed defendant Mr. McRae in this action

first, Plaintiffs have not shown that there is a need for a protective order because deposing Mr.

Lines would not cause him annoyance, embarrassment, oppression, or undue burden or expense.

Fed. R. Civ. P. 26(c).

Protective orders are entered for good cause, "based on a particular factual demonstration

of potential harm, not on conclusory statements." <u>Anderson v. Cryovac, Inc.</u>, 805 F.2d 1, 7 (1st

Cir. 1986). A mere showing of annoyance, embarrassment, oppression, or undue burden or

expense is not enough for a court to grant a protective order, especially where there is no

demonstration of any potential harm.

Here, Plaintiffs are requesting the court to prohibit a deposition duly noticed by the

Defendants upon the Plaintiffs pursuant to the Joint Statement. <u>See</u> Exhibit A. The Plaintiffs

have not shown that "good cause" for a protective order. Indeed, Plaintiffs note "Mr. Lines does

4

not object to his deposition being taken." Motion for Protective Order ¶ 10. Plaintiffs' claim

that Defendants are unfairly seeking "to gain a timing advantage" is not only false, but is not

enough for this Court to grant Plaintiffs' motion for a protective order or to compel the

deposition of Mr. McRae.

Further, Defendants point out that "[n]one of these individuals live around the corner

from one another and it would be impractical in any event." See Exhibit C. Indeed, Defendant

Mr. McRae lives and works in Vancouver, Canada, and it would be impractical and unduly

burdensome to force Mr. McRae to travel transcontinental to prepare for and attend a deposition

in less than two weeks notice. Because both parties agreed that Mr. Lines would be deposed at

the date and place indicated by the Joint Statement, and where there is indication by Plaintiffs

that Mr. Lines would be available for deposition, Plaintiffs should make available Mr. Lines for

deposition on July 27 and 28, 2004.

## CONCLUSION

For each of these reasons, Defendants LBI and McRae respectfully request that this Court deny Plaintiffs' Motion for a Protective Order and to Compel Deposition.

Respectfully submitted,

LEADING BRANDS, INC.
RALPH D. MCRAE

By their attorneys,

Michael A. Collora (BBO No. 092940)
Michael B. Galvin (BBO No. 630515)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, Massachusetts 02210-2211
Tel: 617-371-1000
Fax 617-371-1037

Dated:  July 16, 2004

## CERTIFICATE OF SERVICE

I, Michael B. Galvin, Esq., do hereby certify that I have caused to be hand delivered a copy of the foregoing document to Evan Slavitt, Esq., of Bodoff & Slavitt, LLP, 225 Friend St., 7th Floor, Boston, MA 02114, on this 16TH day of July, 2004.

Michael B. Galvin

6

A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FUTURISTIC BRANDS USA, INC.,
NEW SUN BEVERAGES
CORPORATION (USA), INC.,
ZEMPER INTERNATIONAL SA

       Plaintiffs,

      v.

LEADING BRANDS, INC., and RALPH
MCRAE

       Defendants.

Civil Action No. 04-CV-10303-RWZ

## JOINT STATEMENT CONCERNING PROPOSED
## PRETRIAL SCHEDULE PURSUANT TO LOCAL RULE 16.1(D)

The parties hereby submit this Joint Statement pursuant to Local Rule 16.1(D).

An initial scheduling conference is scheduled to take place in this case on July 1, 2004.

In accordance with Local Rule 16.1(B), the parties' counsel discussed the agenda for the

July 1, 2004 scheduling conference and a pretrial schedule for the case, including a

proposed pretrial schedule for the case including a discovery plan, and consenting to trial

by a magistrate judge.

## I.   JOINT DISCOVERY PLAN

A proposed discovery schedule is attached at Tab A. This schedule may reflect

discovery that might be more comprehensive that what is strictly relevant to a claim or

defense in this particular action. The parties propose such a schedule because there are

several other lawsuits and an arbitration proceedings pending between the plaintiffs, their

officers and others and the defendants and Leading Brands, Inc.'s subsidiary, Leading

Brands of America, Inc. The other cases include:

1.   *Futuristic Brands USA, Inc, et al. v. Leading Brands of America, Inc.*,
     Case No. 50 T 133 0019304 (Am. Arb. Ass'n);

2.   *Futuristic Brands, USA, Inc. v. Leading Brands of America, Inc.*, Case No.
     04-1753-BLS2 (Mass. Super.) (Botsford, J.);

3.   *Leading Brands, Inc., et al. v. Thomas Lines,, et al.*, No. S042259
     (Vancouver, British Columbia, Canada);

4.   *Leading Brands of America, Inc. v. Robert W. Miller*, No. 3:03 cv 1971
     (MRK) (D. Conn.); and

5.   *DIS, bv v. Leading Brands of America, Inc., et al.*, No. 204CV130 (E.D.
     Va.).

Counsel for the Defendants also believe that *Progressive Sales & Marketing, Inc.,*

*et al. v. Leading Brands of America, Inc., et al.*, No. 304 cv 791 (WWE) (D. Conn.),

where LBAI's former broker and one of its former employees, Milissa Boisseau, has sued

LBAI to recover commissions allegedly owed on sales under the license agreements at

issue, is sufficiently related that it warrants taking additional joint discovery. However,

counsel for the Plaintiffs, who also represents Progressive and Boisseau in that case,

objects to listing that case with the others listed above because Boisseau does not believe

her case is related to the others.

In the interests of efficiency and economy, the parties to this action are proposing

a single plan and schedule of discovery in as many of these actions as possible.

## II.   PRETRIAL SCHEDULE

Following discussions, the parties reached an agreed pretrial schedule, which is

attached at Tab B.

2

## III.    TRIAL BY MAGISTRATE JUDGE

The parties do not consent to a trial by a Magistrate Judge at this time.

## IV.    CERTIFICATION PURSUANT TO LOCAL RULE 16.1(D)(3)

The parties shall file their certifications pursuant to Local Rule 16.1(D)(3) with

the clerk at the July 1, 2004 scheduling conference.

LEADING BRANDS, INC. and
RALPH MCRAE

By their attorneys,


/s/ Michael A. Collora
Michael A. Collora (BBO No. 092940)
Michael B. Galvin (BBO No. 630515)
Dwyer & Collora
600 Atlantic Avenue
Boston, MA 02210-2211
(617) 371-1000


DATED:  June 25, 2004

FUTURISTIC BRANDS USA, INC.,
NEW SUN BEVERAGES
CORPORATION (USA), INC., and
ZEMPER INTERNATIONAL SA

By their attorneys,


/s/ Evan Slavitt
Evan Slavitt (BBO No. 466510)
Richard P. O'Neil (BBO No. 645214)
Bodoff & Slavitt LLP
225 Friend Street
Boston, MA  02114
(617) 742-7300

3

## LEADING BRANDS/FUTURISTIC
## DISCOVERY SCHEDULE[*]

| EVENT | ENTITY RESPONDING | DATE | LOCATION |
|---|---|---|---|
| Document Response | LBAI | 6/18/04 | |
| Document Response | Futuristics, *et al.* | 7/6/04 | |
| Document Production | LBAI Futuristics, *et al.* | 7/9/04 (simultaneous disclosure) | |
| Third Party Document Subpoenas | Send out to: Ma Logistics, V. Alexander, Sea Bev., Crown Cork & Seal, Nations Bev., Progressive, 7-Eleven, Mitsui, McLane | 7/7/04 (returnable 7/21)  All documents received to be exchanged. | |
| Deposition | Thomas Lines, *et. al.* | 7/20-21/04 | Dwyer & Collora (2 days) |
| Deposition | Ralph McRae | (2 days) | Bodoff & Slavitt |
| Deposition | Troy Figgins | 7/22/04 | Dwyer & Collora |
| Deposition | Pat Wilson | | Bodoff & Slavitt |
| Deposition | Robert Miller | (2 days) | Shipman Firm, CT (to be combined with Miller's case) |
| Deposition | Tanya Ruecker | | Shipman Firm, CT (to follow Miller) |
| Deposition | DIS by (Marco Geurten) | | McGuire Woods, VA (also taken as part of VA case) |
| Deposition | Progressive Sales & Mgt (by W. Stone) | | McGuire & Woods |
| Deposition | Sandi Kackley | | McGuire Woods (after Stone) |
| Deposition | Sea Bev. | | Jacksonville, FL |
| Deposition | M. Boisseau | | CT (to be combined with her state case) |

| | | | |
|---|---|---|---|
| Depositions to authenticate or explain documents (if necessary) | Nations Bev. (Figgins/Martinez), MA Logistics, Mitsui Bussan (Gross, *et al.*), V. Alexander (Goss), McLane, 7-Eleven | | Various places |
| Deposition | Debbie Wildrik | | TX (2 days) |
| Deposition | Wildrik Assistant | | TX (2 days) |
| Deposition | Michael Graham | | Shipman Firm, CT |
| Deposition | Tim Larsen | | |
| Deposition | George Seibel | | Cortland, NY |
| Deposition | Peter Holdsworth | | |
| Potential other witnesses to be scheduled later: <br><br> Corey Blick <br> Howard Wishner <br> Martin Zirofsky <br> Ari Koivula <br> Most Knowledge/Wild Flavors (Bloom) <br> Art Greenwald <br> Wes Brashere | | | Various places |

---

* To apply to all cases in which LBI/LBAI is a party with defendants Lines affiliated companies. This list may be supplemented as discovery ensues.

2

## LEADING BRANDS/FUTURISTIC
## <u>PRETRIAL SCHEDULE</u>

| DATE | EVENT |
|---|---|
| 7/16/04 | Initial Pretrial Disclosures – Fed. R. Civ. P. 26(a)(1) |
| 10/31/04 | Fact Discovery Completed |
| 11/24/04 | Dispositive Motions Filed |
| 12/17/04 | Responses to Dispositive Motions |
| 1/17/05 | Expert Witness Reports Exchanged |

B

**Ⓜ Dwyer** & **Collora**, LLP

600 Atlantic Avenue
Boston, Massachusetts 02210-2211
Telephone (617) 371-1000
Fax (617) 371-1037
www.dwyercollora.com

**Michael A. Collora**
(617) 371-1002
mcollora@dwyercollora.com

July 9, 2004

## BY FACSIMILE & FIRST CLASS MAIL

Evan Slavitt, Esq.
Bodoff & Slavitt, LLP
225 Friend Street
Boston, MA  02114-1812

   Re: Futuristic Brands USA, Inc. v. Leading Brands, Inc.
     Civil Action No. 2004-1753-H

Dear Evan:

   With respect to the deposition schedule, I would like to take your client, Thomas Lines deposition on Tuesday and Wednesday, July 27 and 28, 2004 to be followed by Mr. Figgins deposition on Thursday, July 29th, all at this office.

   This assumes I will have your document production one week before that date.

   I am away the following week, but we can likely arrange Mr. McRae's deposition the week after, post August 11th, if you would like.

      Sincerely yours,

      *Michael A Collora*

      Michael A. Collora

MAC/lag

cc: Michael G. Galvin, Esq.
  Ralph McRae

C

600 Atlantic Avenue
Boston, Massachusetts 02210-2211
Telephone (617) 371-1000
Fax (617) 371-1037
www.dwyercollora.com

# Dwyer & Collora, LLP

July 13, 2004

Michael A. Collora
(617) 371-1002
mcollora@dwyercollora.com

**BY FACSIMILE & FIRST CLASS MAIL**

Evan Slavitt, Esq.
Bodoff & Slavitt, LLP
225 Friend Street
Boston, MA 02114-1812

Re:     Futuristic Brands USA, Inc. v. Leading Brands, Inc.
        Civil Action No. 2004-1753-H

Dear Evan:

This is in reply to your letters of July 12, 2004.

I believe we are best off communicating by letter at this point.

I reject your suggestions in your July 12th letter regarding deposition dates and other arrangements. None of these individuals live around the corner from one another and it would be impractical in any event.

Please note that with respect to all of the litigation that you began as counsel for Lines and his corporate empire, we noticed the first depositions in the Massachusetts Superior Court for early July of the Keeper of Records, Thomas Lines, and Troy Figgins. See three notices of deposition attached hereto as Exhibit A. Based on this alone, we insist on priority.

Secondly, you agreed to a federal court order regarding discovery entered on July 1, 2004, a copy of which is attached as Exhibit B. Perhaps you failed to notice at the time, but I am calling your attention to the fact now, that in that Stipulation we noticed Thomas Lines deposition for July 20 and July 21, 2004 as the initial deposition to be taken along with Figgins to follow. That was intentional on my part because I wanted to take Mr. Lines' deposition first, as he has commenced several different lawsuits against my clients. This is our right, both as defendant, and as first to notice.

You do not represent Mr. Miller. Let him work out his own arrangement regarding his deposition of Mr. McRae in the Connecticut matter. We can take Mr. Miller's deposition at a later time.

D

**Ⅺ Dwyer & Collora, LLP**

600 Atlantic Avenue
Boston, Massachusetts 02210-2211
Telephone (617) 371-1000
Fax (617) 371-1037
www.dwyercollora.com

July 12, 2004

**Michael A. Collora**
(617) 371-1002
mcollora@dwyercollora.com

**<u>BY FACSIMILE & FIRST CLASS MAIL</u>**

Evan Slavitt, Esq.
Bodoff & Slavitt, LLP
225 Friend Street
Boston, MA  02114-1812

   Re: Futuristic Brands USA, Inc. v. Leading Brands, Inc.
      Civil Action No. 2004-1753-H

Dear Evan:

  Assuming discovery goes forward, I would expect to take Mr. Lincs depositions in Boston on the dates indicated in my recent letter of July 9th to you (see another copy enclosed).

  I suggest we cut loose from the Miller case in Connecticut and let counsel for Mr. Miller take Mr. McRae's testimony when and if he wants. Neither of us will participate in that. We can go down to take Mr. Miller's testimony at a later date, and will coordinate Miller's testimony with counsel for Leading Brands of America in Connecticut.

  Will you be representing Mr. Figgins or should we arrange for his deposition separately?

  Please advise in writing.

       Sincerely yours,

       *Michael A Collora*

       Michael A. Collora

MAC/lag

cc: Michael G. Galvin, Esq.
  Ralph McRae

E

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT

---

FUTURISTIC BRANDS USA, INC., NEW
SUN BEVERAGES CORPORATION (USA),
INC., and ZEMPER INTERNATIONAL SA,

        Plaintiffs,

   v.

LEADING BRANDS OF AMERICA, INC.,

        Defendant.

Civil Action No. 2004-1753-H

---

## NOTICE OF DEPOSITION

TO:   Evan Slavitt, Esq.
       Bodoff, & Slavitt, LLP
       225 Friend Street
       Boston, MA 02114-1812.

Please take notice that pursuant to Rule 30(a) of the Massachusetts Rules of Civil

Procedure, Defendant Leading Brands of America, Inc. ("Defendant"), by its attorneys, will

take the deposition upon oral examination of Thomas Lines. The deposition will be taken

before a notary public, or some other officers or person authorized to administer oaths, on

July 8, 2004 and July 9, 2004 commencing at 10:00 a.m. and will continue from the days

and time scheduled until concluded at the offices of Dwyer & Collora, 600 Atlantic Avenue,

Boston, Massachusetts 02210. You are invited to attend and cross-examine.

Respectfully submitted,

LEADING BRANDS OF AMERICA, INC.

By its attorneys,

*Michael a Collora*

Michael A. Collora (BBO No. 092940)
Michael B. Galvin (BBO No. 630515)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, Massachusetts 02210-2211
Tel: 617-371-1000
Fax 617-371-1037

Dated: June 17, 2004

2

**F**

225 Friend Street
Boston, MA 02114-1812

# Bodoff & Slavitt LLP
### ATTORNEYS AT LAW

617.742.7300
617.742.9969 fax
www.bodoffslavitt.com

July 12, 2004

By Fax: 617/371-1037

Michael A. Collora, Esq.
Dwyer & Collora
600 Atlantic Avenue
Boston, MA  02210-2211

Re:    Leading Brands Litigation

Dear Mr. Collora:

It was unfortunate that you felt compelled to hang up on me as we were discussing the way to resolve our dispute over the order of depositions. I am obliged, therefore, to engage in something that I generally resist and which should be unnecessary in the discovery process. – sending you a letter to set forth our position rather than having a reasonable discussion.

At the time you agreed to the unified discovery schedule, you were undoubtedly aware that Mr. McRae's deposition had been noticed back in April or May and had already been postponed. That notice preceded your notice of Mr. Lines. Thus, under the usual first in time rule, McRae would go first on a unified discovery track. This seemed so unexceptional that I was taken aback by your blanket insistence on Mr. Lines going first.

I still think that Mr. McRae should go first, then either Mr. Miller or Mr. Lines. I have checked with counsel for Mr. Miller, and he does not care who goes second or third. Thus, in the first three depositions, you will be able to take two that you want for one that adverse parties want.

Nonetheless, in the interests of compromise, and given that all the principal depositions are likely to last more than one day, I suggest the following. We take one day of McRae followed by one day of Miller followed by one day of Lines. We then repeat the process until those depositions are concluded and we turn to the next set of three. In that set, you can pick the first deponent and we will go second and Mr. Miller's counsel will go third.



Michael A. Collora, Esq.
July 12, 2004
Page 2 of 2

This strikes me as a fair and reasonable way to resolve this dispute. I am proposing it simultaneously to you and counsel for Mr. Miller in the interests of expedition.

I look forward to hearing from you.

Sincerely yours,

Evan Slavitt

Cc:    Michael Stanton